STEVEN J. SIBLEY (SBN 152365)
JOHN E.F. DINAPOLI (SBN 84365)
DINAPOLI & SIBLEY
Ten Almaden Boulevard, Suite 1250
San Jose, CA 95113-2271
Telephone: (408) 999-0900
Facsimile:   (408) 999-0191
SJS@dslaw.net

Proposed Attorneys for Debtor
VALLEY PROCESS SYSTEMS, INC.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

In re:

VALLEY PROCESS SYSTEMS, INC.,

Debtor.

Case No.  13-51936 ASW
Chapter 11

**DECLARATION OF STEVEN J. SIBLEY IN SUPPORT OF APPLICATION FOR EMPLOYMENT AS COUNSEL FOR DEBTOR IN POSSESSION**

[NO HEARING REQUESTED]

STEVEN J. SIBLEY states:

1. I am an attorney, licensed to practice law in California. I am a principal of DiNapoli & Sibley, (the Firm), proposed attorneys for VALLEY PROCESS SYSTEMS, INC. (VPS or Debtor) All of the following information is based on my personal knowledge and if called as a witness I could and would testify truthfully thereto.

2. Debtor filed this case under Chapter 11 on April 4, 2013. The Firm has assisted the Debtor prior to, and since the inception of this case. On or about March , 2013, VPS retained JOHN DINAPOLI of the Firm to commence legal proceedings against JIM CASTRO, et al, in state court with respect to certain products which CASTRO ordered and which VPS paid for and never received.  That lawsuit, filed on March 25, 2013, as Santa Clara County Superior Court Case No. 1-13-CV-243574, and related matters are hereinafter referred to as the "CASTRO CASE," which is pending.

3. The Debtor desires to continue with the Firm's services in the chapter 11 case,

based on the Firm's familiarity with this matter and the Firm's expertise in bankruptcy and reorganization. The scope of services to be rendered to the debtor includes those normally associated with general reorganization counsel, such as the preparation and filing of the debtor's schedules, pleadings and review of monthly operating reports, review of creditor claims, dealings with the Office of the U.S. Trustee, the preparation of disclosure statements and reorganization plans. The scope of services also includes continued representation of the debtor in the CASTRO CASE. In addition, the Firm may also represent the debtor in adversary proceedings to recover money or property, and claim objections.

4. The Firm's standard hourly rates are $450.00 per hour for attorney Steven J. Sibley, $450.00 per hour for attorney John DiNapoli, and $200 per hour for paralegal Kerry Hammon, collectively "ATTORNEYS".

5. For the CASTRO CASE, CLIENT deposited with ATTORNEY an initial retainer of $15,000 on March 12, 2013. Prior to the filing of CLIENT's Chapter 11 Bankruptcy Petition on April 4, 2013, ATTORNEY had billed $8,850 against that retainer for his attorneys' fees and costs to date, leaving a balance in his trust account of $6,150.00.

6. For the BK CASE, and on behalf of VPS, KEN AND DOLORES SALAZAR (SALAZAR), deposited with ATTORNEY an initial retainer of $52,000, which funds CLIENT represented were not from VPS. SALAZAR have guaranteed the Debtor's payment of ATTORNEYs' fees and costs from the BK CASE ONLY. The Firm billed and was paid $ 6,700 for the Firm's pre-petition services. The Firm charged $500.00 per hour for its services from April 2 through 4, 2013. The petition filing fee ($1,213) was paid from the initial retainer, leaving $44,087, which remaining balance will be offset against the Firm's post-petition fees and costs.

7. ATTORNEYS will describe and bill CLIENT for all additional charges on a monthly basis, with payment of any allowed amount from the Debtor or a remaining pre-petition retainer from the Debtor subject to Bankruptcy Court approval.

8. It is the Firm's understanding that some or all future compensation could be paid by the Debtor, and\or the SALAZARs, depending on the debtor's operations and status of the reorganization process. If such compensation is to be paid or advanced by the debtor, the Firm

will file a motion with the Court for approval of such post-petition payments.

9. The Firm and the Debtor entered into an Attorney Fee Agreement, a copy of which is attached as Exhibit "A" to this Declaration. The Fee Agreement includes a Guaranty by the SALAZARs for payment of the Debtor's fees and costs from the BK CASE only.

10. The terms of the Firm's compensation are at rates no less favorable than those charged by the Firm's other clients for similar matters. The Firm has not entered into any agreements to split or share fees with any other non-Firm professional.

11. Other than the disclosures set forth herein, the Firm has no other connection to the Debtor, any creditor, party in interest or the Office of the U.S. Trustee. Therefore, the Firm is "disinterested" as that term is defined in the Bankruptcy Code.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 16th day of April, 2013.

*/s/ Steven J. Sibley*
STEVEN J. SIBLEY

**EXHIBIT A**

DINAPOLI & SIBLEY
Attorneys at Law
TEN ALMADEN BOULEVARD
SUITE 1250
SAN JOSE, CALIFORNIA 95113-2271

TELEPHONE: (408) 999-0900 FACSIMILE: (408) 999-0191
www.dslaw.net

JOHN DINAPOLI
e-mail: jfd@dslaw.net

STEVEN J. SIBLEY
e-mail: sjs@dslaw.net

April 4, 2013

| | |
|---|---|
| CLIENT: | VALLEY PROCESS SYSTEMS (VPS) |
| CASES: | VALLEY PROCESS SYSTEMS v. JIM CASTRO, et al "CASTRO CASE"; |
| | IN RE: VALLEY PROCESS SYSTEMS, INC., Bkptcy. N.D. Cal. "BK CASE" |
| FORUMS: | SANTA CLARA COUNTY SUPERIOR COURT |
| | U.S. BANKRUPTCY COURT, N.D. CALIFORNIA |

# ATTORNEY FEE AND COSTS AGREEMENT
## (HOURLY RATE & EXPENSES - GUARANTEE)

**1.** *Retention:* **VALLEY PROCESS SYSTEMS (VPS)** ("CLIENT") hereby retains **JOHN DINAPOLI and STEVEN J. SIBLEY,** members of **DINAPOLI & SIBLEY,** an Association of Attorneys ("ATTORNEY"), to represent CLIENT in the following matters:

A. On March 12, 2013, prior to the filing of CLIENT's chapter 11 Bankruptcy Petition on April 4, 2013, Mr. DINAPOLI agreed to represent CLIENT in prosecuting its civil claims against **JIM CASTRO, et al**, in state court with respect to certain products which CASTRO ordered and which VPS paid for and never received. That lawsuit, filed on March 25, 2013, as Santa Clara County Superior Court Case No. 1-13-CV-243574, and related matters are hereinafter referred to as the "CASTRO CASE." This Agreement shall benefit and bind the undersigned parties to this Agreement and their respective assigns and successors-in-interest;

B. Mr. SIBLEY'S representation of CLIENT as Debtor-in-Possession in the filing of a bankruptcy petition under chapter 11 of the Bankruptcy Code in the Northern District of California, San Jose Division. That bankruptcy case and related matters are hereinafter referred to as the "BK CASE." (Collectively "CASE") This Agreement shall benefit and bind the undersigned parties to this Agreement and their respective assigns and successors-in-interest.

**2.** *Excluded Matters:* This Agreement does not apply to other matters, including, but not limited to, any administrative, criminal or other bankruptcy proceedings

Client _/s/_

Attorney SJS _JFD_

FeeAgmtBkCastro.Final.wpd

affecting any of the parties or witnesses in the CASE, and any appeals or retrials of any of those proceedings. ATTORNEY's services, if any, in or in regard to any of these excluded matters will be the subject of a separate or supplemental written fee agreement, signed by CLIENT and ATTORNEY.

    **3. Conditions Precedent:** ATTORNEY will have no obligation to provide further legal services to CLIENT, except for preliminary communications with CLIENT until CLIENT initials, executes and returns this agreement to ATTORNEY and tenders the retainer described in §5(a), below

    **4. No Warranties re Outcome:** CLIENT acknowledges that ATTORNEY has made no binding representations concerning the successful termination of the CASE or the successful prosecution or defense of CLIENT's claims and has not guaranteed that CLIENT will prevail in the CASE or that client will recover any of its expenses in or in relation to the case. CLIENT acknowledges that ATTORNEY's statements, if any, on these matters are statements of opinion only based of his present and limited knowledge of the facts underlying CLIENT's claims.

    **5. Attorney's Fees:** The total amount of ATTORNEY's fees cannot be accurately ascertained by either CLIENT or ATTORNEY at this time. CLIENT agrees, in consideration of legal representation by ATTORNEY, to the following fee arrangement:

    *(a) Retainers:* In consideration for ATTORNEY's entering into his Agreement to represent CLIENT in the CASTRO CASE, CLIENT deposited with ATTORNEY an initial retainer of $15,000 on March 12, 2013. Prior to the filing of CLIENT's Chapter 11 Bankruptcy Petition on April 4, 2013, ATTORNEY had billed $8,850 against that retainer for his attorneys' fees and costs to date, leaving a balance in his trust account of $6,150.00. In consideration for ATTORNEY'S entering into this Agreement to represent CLIENT in the BK CASE, CLIENT will deposit with ATTORNEY an initial retainer of $52,000, which funds CLIENT represented were not from VPS and the Guarantee of KEN and DELORES SALAZAR of fees and costs from the BK CASE ONLY. The CASTRO CASE and the BK CASE retainers will be applied to the services rendered by ATTORNEYS at their current hourly rate and their costs as defined in §6, below. When the retainer balances are exhausted, ATTORNEYS will bill CLIENT for all additional charges on a monthly basis, as stated in §7, below, with payment contingent on the Bankruptcy Court's approval.

    *(b) Hourly Rates:* ATTORNEY's billing rate in the CASE

Client _____       Attorney SJS _____

FeeAgmtBkCastro.Final.wpd

is $450 per hour for services rendered by JOHN DINAPOLI or STEVEN J. SIBLEY. The services of other attorneys whom ATTORNEY retains to assist him in the case will be charged at rates commensurate with their experience, as determined by ATTORNEY. The services of paralegals will be charged at the rate of $200 per hour or more, depending on their experience. These rates will not be modified before January 1, 2014.

*(c)* ***Billing Units:*** With reference to hourly rates, CLIENT understands that for any service rendered by ATTORNEY or his paralegals, including, but not limited to, telephone calls and the review or preparation of correspondence to or from CLIENT, there will be a minimum charge of at least 6 minutes or 1/10th of an hour and that ATTORNEY's and his paralegals' time will be billed in increments of 1/10th of an hour.

*(d)* ***Negotiated Fee:*** The above fee arrangement is not set by law, but has been negotiated between ATTORNEY and CLIENT. These fees cover only legal services for CLIENT's claims in the matters and against the persons specified in this agreement.

6. ***Costs and Expenses:*** CLIENT will be financially responsible for all expenses and costs that appear to ATTORNEY to be reasonably necessary for the prosecution and defense of CLIENT's claims. KEN and DOLORES SALAZAR have guaranteed CLIENT's payment of ATTORNEY's legal fees and expenses for the BK CASE ONLY. All expenses will be itemized separately on ATTORNEY's monthly billing statements. The total amount of these costs cannot be accurately ascertained by either CLIENT or ATTORNEY at this time. CLIENT will reimburse ATTORNEY for all costs advanced or incurred by attorney on CLIENT's behalf regardless of whether any recovery is obtained on CLIENT's claims or defenses, as those costs are advanced or incurred.

*(a)* ***Specific Expenses***: Reimbursable expenses are as set forth in the U.S. Trustee Guidelines for Reimbursement of Professional Fees and Expenses and include, but are not limited to the following costs, some of which will only be incurred if CLIENT's claims involve real property or CLIENT becomes involved in litigation with respect to its claims: title companies' charges for title reports and/or litigation guarantees when necessary or appropriate in particular cases, fees and expenses charged by third parties for the filing, certification, or recordation of court pleadings and other documents (e.g.,

Client _____                                                      Attorney _SJS_ _JFD_

FeeAgmtBkCastro.Final.wpd

relating to real property), process servers' fees, court reporters' fees, investigators' fees and expenses, asset searchers' fees and expenses, witness fees, expert witnesses' fees and expenses, the preparation, transcription and summary of depositions, jury fees and costs, courtroom fees during trial, copying charges (20 cents per page), federal express charges, courier charges, reasonable travel expenses incurred by ATTORNEY in prosecuting or defending CLIENT's cause, and similar and related expenses incurred by ATTORNEY before, during, and after the conclusion of the CASE in or in relation to the CASE.

*(b)* *Excluded Expenses:* ATTORNEY will not bill CLIENT for vendors' (e.g., AT&T's) charges for his communications with CLIENT, ADVERSE PARTY, or others by telephone, facsimile transmission or e-mail.

*(c)* *Advance Payment of Costs:* In the event that significant costs are anticipated by ATTORNEY (e.g., for title reports, filing fees, jury fees, depositions, or expert witnesses), ATTORNEY may request, and CLIENT shall deposit in ATTORNEY's trust account, subject to Bankruptcy Court review and approval sufficient funds to pay for those expenses before they have been actually incurred by attorney.

**7.** *Monthly Billing Statements:* ATTORNEY will submit monthly billing statements to CLIENT or its designated agent. The billing statements will separately itemize the legal services and costs and expenses incurred during the prior 30 days and then due. Fees and costs to be reimbursed by the CLIENT, in either CASE during the pendency of the chapter 11 bankruptcy proceeding are subject to bankruptcy court review and approval. Following dismissal of the BK CASE, any amounts remaining unpaid will bear a service charge of 10% per year from the date of the billing statement.

**8.** *Attorney's Lien:* For the CASTRO CASE ONLY, and subject to Bankruptcy Court review and approval, CLIENT hereby grants ATTORNEY a lien on any and all claims or causes of action that are the subject of ATTORNEY's representation in the CASTRO CASE ONLY under this Agreement. ATTORNEY's lien shall be for any sums due and owing to ATTORNEY in the CASTRO CASE ONLY at the conclusion of ATTORNEY's services. The lien shall attach to any recovery CLIENT may obtain in or in relation to the CASTRO CASE whether by arbitration award, judgment, settlement or otherwise.

**9.** *Settlement Authority:* No settlement of any nature shall be made for any of CLIENT's claims or defenses in the CASE without CLIENT's complete approval, and, if the BK CASE is pending or converted, subject to Bankruptcy Court review and approval.

Client _____  Attorney SJS _____

FeeAgmtBkCastro.Final.wpd

*Valley Process Systems, Inc.*  Page 5

CLIENT agrees to make no settlement except in the presence of and with the approval of ATTORNEY. In the event that CLIENT makes a settlement of its claims or defenses without ATTORNEY's knowledge and approval, CLIENT agrees to pay ATTORNEY all sums then due to ATTORNEY for ATTORNEY's fees and costs incurred in the CASE.

**10. Client's Assistance and Cooperation:** CLIENT shall keep ATTORNEY advised of CLIENT's address at all times, shall appear on reasonable notice at any and all depositions and court appearances, and shall comply with all reasonable requests of ATTORNEY in connection with the preparation and presentation of CLIENT's claims and defenses in the CASE.

**11. Signature Authority and Receipt and Disbursement of Funds:** CLIENT gives ATTORNEY the power and authority to execute any and all pleadings, claims, defenses, settlements, drafts, checks, compromises, releases, dismissals, deposits, orders, and other papers which CLIENT could properly execute in or in connection with the CASE, and to receive on CLIENT's behalf any moneys or other things of value to which CLIENT may be entitled because of any judgment recovered or any settlement agreed upon in connection with the claims and defenses covered by this Agreement. ATTORNEY shall receive the settlement or judgment amount. Before disbursing those funds to CLIENT, subject to Bankruptcy Court review and approval if required ATTORNEY may deduct therefrom the amount of costs and expenses and attorney's fees then due to ATTORNEY.

**12. Right to Terminate Employment:** CLIENT may discharge ATTORNEY *at any time upon reasonable notice with or without cause.* ATTORNEY may withdraw as CLIENT's counsel in either or both of the CASES with CLIENT's consent or for good cause upon reasonable notice and, when necessary, with the formal approval of the Court with jurisdiction in the CASE. *All notices of withdrawal or termination shall be in writing at the addresses specified after each party's signature, below.* (CLIENT and ATTORNEY shall promptly advise each other in writing of any changes in their addresses). Good cause for ATTORNEY's withdrawal includes CLIENT's breach of any material provision of this agreement, including, but not limited to, a delay in paying or failure to pay outstanding ATTORNEYS' fees or costs as provided in this Fee Agreement, refusal to cooperate with ATTORNEY or to follow ATTORNEY's advice on a material matter, knowing misrepresentation of a material or essential fact regarding the matter, or any fact or circumstance that would, in ATTORNEY's judgment, render ATTORNEY's continued representation unlawful, unethical, unfeasible or impracticable. In the event of ATTORNEY's withdrawal or discharge, CLIENT shall promptly pay ATTORNEY for all services and costs rendered or advanced by ATTORNEY through the date of termination or withdrawal and for all time and expense incurred by ATTORNEY in transferring the CASE to CLIENT or new counsel, in accordance with the payment provisions of this Agreement. Any funds of CLIENT which remain in ATTORNEY's trust account after payment for all services and costs will promptly be returned to CLIENT or pursuant to Bankruptcy Court order..

Client_____  Attorney SJS _____

FeeAgmtBkCastro.Final.wpd

**13.    *Review and Approval of Terms and Conditions:*** ATTORNEY hereby advises CLIENT of CLIENT's right to have this Agreement reviewed by a disinterested attorneys and encourages CLIENT to exercise this right before executing this Agreement. **CLIENT declares that CLIENT has read the foregoing Agreement, fully understands the Agreement prior to signing it, and assents to and accepts each and all of its terms and conditions.**

**14.    *Acknowledgment of receipt:***    CLIENT acknowledges receipt of a copy of this agreement executed by DINAPOLI & SIBLEY.

Dated:    April 4, 2013

"CLIENT"

VALLEY PROCESS SYSTEMS, INC.
("VPS")

By: /s/ Kenneth D. Salazar

KENNETH D. SALAZAR, President/CEO
3567 Benton Street, Suite 341
Santa Clara, CA 95051
Tel: (408) 261-1277 x 204
e-mail: ksalazar@ valleyprocessinc.com or
kddsalazar@comcast.net

"ATTORNEY"
DINAPOLI & SIBLEY, an Association of Attorneys

By: /s/ John Dinapoli

JOHN DINAPOLI jfd@ dslaw.net

By: /s/ Steven J. Sibley

STEVEN J. SIBLEY sjs@ dslaw.net

Ten Almaden Boulevard, Suite 1250
San Jose, California 95113-2271
Tel: (408)  999-0900
Fax: (408) 999-0191

Client /s/        Attorney SJS JFD

FeeAgmtBkCastro.Final.wpd

Guaranty - Exhibit A to VALLEY PROCESS SYSTEMS, INC.. Fee Agreement

    1. KEN and DELORES SALAZAR hereby personally guarantee jointly and severally the payment of attorney's fees and costs referenced in the Fee Agreement for the BK CASE ONLY and will directly and personally pay those fees, costs, and expenses to ATTORNEY at ATTORNEY's request in the event that CLIENT VALLEY PROCESS SYSTEMS, INC (VPS) fails to do so within thirty days of the date the BK CASE is closed, dismissed, resolved or CLIENT notifies ATTORNEY in writing to cease all work and/or representation in the BK CASE, or within thirty days of ATTORNEY's withdrawal or substitution from the BK CASE.

    2. Except as prohibited by applicable law, KEN and DELORES SALAZAR hereby waive any right to require ATTORNEY to make any presentment, protest, demand or notice of any kind, including notice of change of any terms of repayment of the indebtedness, default by CLIENT, the creation of new or additional indebtedness, proceeding against any other person or CLIENT, except as set forth above, before proceeding against KEN and DELORES SALAZAR, jointly and severally, apply any payments or proceeds received against the indebtedness in any order; give notice to KEN and DELORES SALAZAR of the terms, time and place of any sale of any of CLIENT'S property, or pursue any remedy or course of action in ATTORNEY's power whatsoever. KEN and DELORES SALAZAR also waive any and all rights or defenses arising by reason of any cause whatsoever, other than payment in full of the indebtedness.

    3. KEN and DELORES SALAZAR agree that the foregoing waivers are unconditional and irrevocable waivers of substantive rights and defenses to which KEN and DELORES SALAZAR might otherwise be entitled under applicable law.

    4. KEN and DELORES SALAZAR further agrees that the debt of CLIENT to ATTORNEY, as created by this Fee Agreement, whether existing or hereafter created, shall be superior to any claim that KEN and DELORES SALAZAR may now have or hereafter may acquire against CLIENT. KEN and DELORES SALAZAR hereby subordinate in favor of ATTORNEY any claim KEN and DELORES SALAZAR may have against CLIENT.

    5. This guaranty shall be subject to and may be enforced under California Civil Code §§ 2787 through 2856 (copies of which are attached as Exhibit "1"hereto), except that CHARLES WINTER hereby expressly waives the applicability of §§ 2819, 2820, 2821 and 2822. CHARLES WINTER as Guarantor, hereby acknowledge having read California Rule of Professional Conduct 3-310 (F) (attached hereto as Exhibit "2") and covenants and warrants that (a) they are unaware of any facts or circumstances arising from or pertaining to the guaranty of the financial obligations of the CLIENT under this Agreement which would interfere with ATTORNEY'S independence of professional judgment or with ATTORNEY'S client-lawyer relationship with VPS or with the CLIENT subject to this Agreement, (b) KEN and DELORES SALAZAR will promptly advise ATTORNEY of any such facts or circumstances which arise in the future in relation to

the CLIENT subject to this Agreement, and (c) ATTORNEY, based on the information available to them, has informed KEN and DELORES SALAZAR of the relevant circumstances and of the actual and reasonable foreseeable adverse consequences to KEN and DELORES SALAZAR of his agreement to pay for and guaranty the CLIENT'S financial obligations under this Agreement.

KEN SALAZAR
*/s/ Ken Salazar*

ATTORNEY

/s/ Steven J. Sibley

STEVEN J. SIBLEY

DELORES SALAZAR
*/s/ Delores Salazar*

Dated: 4/4/2013

CLIENT

VALLEY PROCESS SYSTEMS, INC.
*/s/ Ken Salazar*
By: KEN SALAZAR
Its: President\CEO

Dated: 4-16-13