STEVEN J. SIBLEY (SBN 152365)
JOHN E.F. DiNAPOLI (SBN 84365)
DiNAPOLI & SIBLEY
Ten Almaden Boulevard, Suite 1250
San Jose, CA 95113-2271
Telephone: (408) 999-0900
Facsimile: (408) 999-0191
e-mail: sjs@ dslaw.net

Attorneys for
VALLEY PROCESS SYSTEMS, INC.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| VALLEY PROCESS SYSTEMS, INC.<br><br>    Debtor | Case No. 13-51936-ASW<br>Chapter 11<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEBTOR'S PAYMENT TO DEBTOR'S SPECIAL COUNSEL OF ADDITIONAL RETAINER DEPOSITS FROM CASH COLLATERAL**<br><br>**[No Hearing Unless Requested]** |

COMES NOW, VALLEY PROCESS SYSTEMS, INC. ("Debtor" or "VPS") with this Memorandum of Points and Authorities in support of Debtor's Motion for Payment of Additional Retainer Deposits to Debtor's Counsel.

One of the assets of this bankruptcy estate is pending state court litigation captioned *Valley Process Systems, Inc. v. Castro*, Case No. 1-13-CV-243574 (Santa Clara County Superior Court). The *Castro* case involves the debtor's recovery of funds and other property embezzled from the debtor by a former employee. The debtor is seeking damages of approximately $3,400,000 from the *Castro* defendants.

On or about April 29, 2013, this court approved the debtor's employment of DiNapoli & Sibley (Counsel or the Firm) as general insolvency counsel and special counsel to the debtor. At the time the Firm's employment order was entered, the Firm had no arrangement with the debtor for post-petition retainers. This Motion pertains to the *Castro* matter only.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEBTOR'S PAYMENT TO DEBTOR'S SPECIAL COUNSEL OF ADDITIONAL RETAINER DEPOSITS FROM CASH COLLATERAL                     Page 1                             Case No. 13-51936-ASW

Case: 13-51936    Doc# 60-1    Filed: 08/01/13    Entered: 08/01/13 11:42:23    Page 1 of 3

To fund prosecution of the *Castro* matter, secured creditor BRIDGE BANK ("Bank") agreed for the debtor to make weekly $5,000 deposits to the Firm from cash collateral, subject to existing and future cash collateral orders. The deposits will be held in trust by the Firm and disbursed only after notice and hearing of interim and final fee applications pursuant to Bankruptcy Code §§ 330 and 331. The deposits will be reported to the court and creditors pursuant to Fed. R. Bank. P. 2016(b), See Steven J. Sibley's Declaration, filed concurrently.

Any proceeds from the *Castro* litigation will be used to fund the debtor's operations and\or pay creditors pursuant to existing security interests and provisions of the Bankruptcy Code.

**The Debtor's Payment of Post-Petition Retainer Deposits is Authorized by the Bankruptcy Code.**

Bankruptcy Code § 328 provides that the debtor may employ a professional person under any reasonable terms and conditions, including the payment of post-petition retainers. The debtor and the Firm reached an agreement with secured creditor BRIDGE BANK for post-petition deposits subject to the terms of cash collateral orders. The proposed post-petition retainer deposits are reasonable, provide adequate safeguards and accounting for the retainer deposits and will be used to pursue claims that are beneficial to the estate and its creditors. In addition, the Firm's receipt of the post-petition deposits are still subject to notice and hearing for the Firm's reimbursement of fees and costs, *see In re Knudsen Corporation*, 84 B.R. 668, 671 (9th Cir. B.A.P. 1998) (Order permitting payment of retainer deposits to professionals each month without prior court approval of the professional's billing statements was permissible.)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEBTOR'S PAYMENT TO DEBTOR'S SPECIAL COUNSEL OF ADDITIONAL RETAINER DEPOSITS FROM CASH COLLATERAL Page 2 Case No. 13-51936-ASW

Case: 13-51936    Doc# 60-1    Filed: 08/01/13    Entered: 08/01/13 11:42:23    Page 2 of 3

## CONCLUSION

The deposit of post-petition retainers to fund the *Castro* litigation is reasonable, with release of the retainers subject to interim and final fee applications. Therefore, it is requested that the Court GRANT the Motion as follows:

a. For the debtor's payment to the Firm of post-petition retainer deposits from cash collateral of $5,000 per week, subject to existing and future cash collateral orders;

b. That the post-petition payments received be held in trust by the Firm, to be released upon further court order approving the Firm's interim and final fee applications; and

c. Such other and further relief as may be just and proper.


Dated: August 1, 2013          DINAPOLI & SIBLEY

                         By:   */s/ Steven J. Sibley*
                               STEVEN J. SIBLEY
                               Counsel to the Debtor

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEBTOR'S PAYMENT TO DEBTOR'S SPECIAL COUNSEL OF ADDITIONAL RETAINER DEPOSITS FROM CASH COLLATERAL                Page 3                Case No. 13-51936-ASW

Case: 13-51936    Doc# 60-1    Filed: 08/01/13    Entered: 08/01/13 11:42:23    Page 3 of 3