BUCHALTER NEMER
A Professional Corporation
ROBERT E. IZMIRIAN (SBN: 53805)
55 Second Street, Suite 1700
San Francisco, CA 94105-3493
Telephone: (415) 227-0900
Fax: (415) 227-0770
Email: rizmirian@buchalter.com

Attorneys for Secured Creditor and Respondent
BRIDGE BANK NATIONAL ASSOCIATION

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

In re:

VALLEY PROCESS SYSTEMS, INC.,

Debtor.

CASE NO. 13-51936 ASW
Chapter 11

**OPPOSITION TO MOTION TO SURCHARGE SECURED CREDITOR BRIDGE BANK'S COLLATERAL FOR ATTORNEYS' FEES AND COSTS INCURRED FOR BENEFIT OF SECURED CREDITOR**

[11 U.S.C. §506(c); B.L.R. 9013-1]

Hearing:  December 13, 2013
Time:     1:45 p.m.
Judge:    Hon. Arthur S. Weissbrodt
Room:     3020 United States Courthouse
          280 South First Street
          San Jose, CA

Bridge Bank National Association ("Bridge") submits this Opposition to Motion to Surcharge Secured Creditor Bridge Bank's Collateral for Attorneys' Fees and Costs Incurred for Benefit of Secured Creditor (respectively, the "Opposition" and the "Motion") pertaining to the collection of certain accounts receivable.

## I. INTRODUCTION

The Motion bears a similar title to another motion filed by the Debtor to surcharge collateral arising out of the Castro litigation (Doc. # 104), which is to be heard on December 13, 2013 at 2:15. The legal issues are identical and need not be repeated or reargued here. The issue

before the Court is whether the Debtor, through its counsel of record DiNapoli & Sibley ("D&S), has conferred a benefit upon Bridge through what it has described as collection of disputed accounts sufficient to warrant a surcharge. D&S has sought the surcharge for payment of its legal fees and costs, not to bring funds into the estate for pro-rata sharing with other administrative creditors.

Bridge's cash collateral has been used to fund Debtor's money losing operations. Month after month Debtor failed to meet cash collateral budgets incorporated into cash collateral orders approved by this Court and to which the Debtor agreed. Month after month Debtor filed operating reports chronicling its losses. Many creditors have suffered as a result of Debtor's operations as a chapter 11 debtor, but none more so than Bridge. Its cash collateral has significantly been diminished as a result of the Debtor's failure to rein in costs to operate at break even levels.

The Debtor, in response to a Motion to Convert brought by the United States Trustee, (Doc. #97) argued that this case should be dismissed in early 2014 after certain motions, including both of D&S's surcharge motions, are heard. The Motion to Convert was denied by the Court on November 26, 2013. Therefore, among the issues for the Court to consider is the propriety of considering a surcharge motion when the case is being held open largely in hopes that Debtor's counsel can somehow wring some cash out of the Debtor's secured lender after the Chapter 11 case has failed.

Debtor would have the Court find that it and its counsel D&S have conferred a benefit upon Bridge by preserving and protecting its collateral sufficient to warrant a surcharge under 11 U.S.C. Section 506(c). The facts are starkly different. No benefit was conferred. Rather, Bridge has suffered significant losses as a result of Debtor's conduct and the represention of D&S as Debtor's legal representative.

## II. SURCHARGE TEST

The test for allowance of a surcharge against a secured creditor's collateral pursuant to Section 506(c) is well settled in this Circuit. *In re Cascade Hydraulics & Utility Serv., Inc.*, 815 F.2d. 546,548 (9th Cir. 1987) held, and all subsequent 9th Circuit authority since, has held that

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

OPP. TO MOTION TO SURCHARGE SECURED CREDITOR BRIDGE BANK'S COLLATERAL FOR ATTORNEY'S FEES AND COSTS INCURRED FOR BENEFIT OF SECURED CREDITOR

Case: 13-51936    Doc# 123    Filed: 11/27/13    Entered: 11/27/13 16:17:34    Page 2 of 4

under Section 506(c) the debtor or trustee must demonstrate that the expenses it seeks to surcharge were either (i) reasonable, necessary and beneficial to the lender's recovery, or (ii) the lender caused or consented to the expenses.

The burden of proof is on the debtor or trustee to establish "in quantifiable terms that it expended funds directly to protect and preserve the collateral." *Cascade Hydraulics*, 815 F.2d. at 548. It is submitted that Debtor has not and cannot meet its burden.

### III. DISCUSSION

Debtor would have this Court conveniently compartmentalize the legal services of its counsel D&S, seeking a reward, via Section 506(c) for its last minute legal services to collect receivables, without any consideration for the detriment Debtor's use of cash collateral and its counsel's reorganization services caused. Debtor has failed to file monthly operating reports, so it is difficult to assess how badly it has fared and how many unpaid chapter 11 administrative claims exist. Debtor's monthly operating report for the period ending September 30, 2013 [Doc. # 96] is the last submitted, and it shows operating losses as of September 30 of $652,665 and past due post-petition accounts payable of $244,025. Iit is clear that in the short life of this failed chapter 11 case the rights of all creditors, including Bridge, have been significantly diminished.

The Debtor argues that the efforts of its counsel benefitted Bridge, but the Declaration of Susan Wadi filed in Opposition shows both that Bridge could and would have collected the receivables without such costs and the proposed settlement with Western Digital Corp. does not even recover what the Debtor asserts is owed to it. Furthermore, as set forth in Ms. Wadi's Declaration, the Debtor's operating losses have greatly exceeded any recovery that D&S claims to have achieved. As set forth in the Exhibit A to the Declaration of Robert Izmirian submitted in Opposition, the refusal of D&S to represent the Debtor prevented the resolution of the accounts receivable notwithstanding the desire of the account debtor James R. Griffin, Inc. to resolve the receivable through means of two party checks.

There is no secret as to why the surcharge motion is being brought, or its timing. This chapter 11 case is a disaster and D&S has gone unpaid. It is now scrambling to pay itself, and

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

3

OPP. TO MOTION TO SURCHARGE SECURED CREDITOR BRIDGE BANK'S COLLATERAL FOR ATTORNEY'S FEES AND COSTS INCURRED FOR BENEFIT OF SECURED CREDITOR

Case: 13-51936    Doc# 123    Filed: 11/27/13    Entered: 11/27/13 16:17:34    Page 3 of 4

because it and its client failed miserably during the chapter 11 case, it is turning to the one potential source of recovery left.

IV. **CONCLUSION**

Debtor has failed to meet the *Cascade Hydraulics* test for a surcharge that the expenses of D&S were reasonable, necessary and beneficial to Bridge's recovery. The surcharge motion must be denied.

DATED: November 26, 2013

BUCHALTER NEMER
A Professional Corporation


By: /s/ Robert E. Izmirian
ROBERT E. IZMIRIAN
Attorneys for Secured Creditor and Respondent
BRIDGE BANK NATIONAL ASSOCIATION

4
OPP. TO MOTION TO SURCHARGE SECURED CREDITOR BRIDGE BANK'S COLLATERAL FOR ATTORNEY'S FEES AND COSTS INCURRED FOR BENEFIT OF SECURED CREDITOR
BN 15311493v1
Case: 13-51936   Doc# 123   Filed: 11/27/13   Entered: 11/27/13 16:17:34   Page 4 of 4