

IT IS SO ORDERED.
Signed July 23, 2014

Arthur S. Weissbrodt
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>VALLEY PROCESS SYSTEMS, INC.<br><br>              Debtor. | Case No. 13-51936-ASW<br><br>Chapter 11<br><br>Hrg Date: Jun. 10, 2014<br>Time: 2:15 p.m. |

**MEMORANDUM DECISION ON DEBTOR'S MOTION TO MODIFY ORDER**

Before the Court is the motion ("Motion") of Debtor to Modify Court's Order re Surcharge Motions entered April 14, 2014 (the "Order re Surcharge Motions"). Debtor is represented by attorney Steven Sibley. Bridge Bank, National Association (the "Bank"), which is represented by attorney Robert Izmirian, opposes the motion.

This Court issued a Tentative Decision denying the Motion on June 5, 2014. The parties presented argument and have filed supplementing briefing as permitted by the Court. For the reasons set forth below, Debtor's Motion is denied.

This chapter 11 case was dismissed on Debtor's motion by order entered March 27, 2014. Prior to dismissal, Debtor had filed three motions seeking to surcharge the Bank's collateral for attorneys'

fees incurred in prosecuting various claims that resulted in the collection of funds for the estate (the "Surcharge Motions"). The Court took the Surcharge Motions under submission on February 14, 2014.

At a hearing on February 27, 2014, the Court orally announced that it was granting Debtor's motion to dismiss. The parties did not address the issue of the pending Surcharge Motions. Thereafter, Debtor's counsel filed a status conference statement indicating that the Bank had objected to language in the proposed dismissal order that reserved jurisdiction for the Court to issue decisions on the Surcharge Motions. The order that was ultimately submitted and entered did not contain any reservation of jurisdiction over the Surcharge Motions. The Court thereafter issued the Order re Surcharge Motions, indicating that upon dismissal, the Court lacked jurisdiction to decide the Surcharge Motions.

The Motion seeks a modification of the Order re Surcharge Motions to state that the Court has jurisdiction to rule upon the Surcharge Motions. Debtor contends that the Court retained jurisdiction to rule upon "pending and ancillary matters" even without language expressly preserving jurisdiction, citing In re Lawson, 156 B.R. 43, 45 (9th Cir. BAP 1993); In re Eighty South Lake, Inc., 81 B.R. 580, 582 (9th Cir. BAP 1987) and In re Carraher, 971 F.2d 327, 328 (9th Cir. 1992). Alternatively, Debtor argues that the Order re Surcharge Motions may be modified under Fed. R. Civ. P. 60 (applicable in bankruptcy via Fed. R. Bankr. P. 9024) based on excusable neglect.

Dismissal of an underlying bankruptcy case does not automatically divest the bankruptcy court of residual jurisdiction,

and the exercise of such jurisdiction is left to the discretion of the bankruptcy court. Lawson, 156 B.R. at 45. But the bankruptcy court's jurisdiction after dismissal is not unlimited. The bankruptcy court retains subject matter jurisdiction to interpret orders entered prior to dismissal and to dispose of ancillary matters such as an application for an award of attorney's fees. Id. at 46 (citing In re Franklin, 802 F.2d 324, 326-27 (9th Cir. 1986) and U.S.A. Motel Corp. v. Danning, 521 F.2d 117 (9th Cir. 1975)). However, once a bankruptcy case has been dismissed, the bankruptcy court does not have jurisdiction to grant new relief independent of its prior rulings. Id. (citing In re Taylor, 884 F.2d 478, 481 (9th Cir. 1989)).

In Lawson, the Ninth Circuit Bankruptcy Appellate Panel ("BAP") affirmed the bankruptcy court's post-dismissal entry of money judgments on pre-dismissal fee awards. In In re Eighty South Lake, Inc., the BAP held that the bankruptcy court had jurisdiction post-dismissal to enter a sanctions order where the sanctions motion was part of the motion to dismiss, and the order of dismissal expressly reserved jurisdiction for the bankruptcy court to issue a memorandum decision on sanctions. And in Carraher, the Ninth Circuit Court of Appeals affirmed the bankruptcy court's entry of judgment in a related adversary proceeding after dismissal of the underlying bankruptcy case. The Ninth Circuit held that the bankruptcy court has discretion to exercise jurisdiction over state law claims based on considerations of economy, convenience, fairness, and comity. 971 F.2d at 328.

The circumstances here are distinguishable. The Court is not being asked to interpret its own order, or to approve an

application for attorney's fees.  In the Tentative Decision, the
Court framed the key issue as whether there is any property of the
estate to surcharge, once the case has been dismissed.  Upon
dismissal of a bankruptcy case, property of the estate is revested
in the entity in which such property was vested immediately before
the commencement of the case.  § 349(b)(3).  The relief requested
by Debtor in the Surcharge Motions requires this Court to exercise
jurisdiction over property in which both the estate and the Bank
had an interest – specifically, the $100,000 collected in relation
to the Castro litigation, and the collected accounts receivable.
Upon dismissal, the Court was divested of jurisdiction over those
funds.  Property that is no longer property of the estate may not
be surcharged.  See In re Skuna River Lumber, LLC, 564 F.3d 353,
355 (5th Cir. 2009); In re Maine Pride Salmon, Inc., 180 B.R. 337,
342 (Bankr. D. Me. 1995).

In Skuna River, the Fifth Circuit Court of Appeals reversed
the bankruptcy court's imposition of a surcharge under § 506(c)
against collateral that had been sold free and clear of liens.  The
Court of Appeals held that

> when property is transferred out of a bankruptcy estate
> free and clear of all liens, the bankruptcy court ceases
> to have jurisdiction over that property. Once the assets
> are sold unencumbered from the estate, they are no longer
> "property securing an allowed secured claim," are not
> property of the estate, and therefore may not be
> surcharged under section 506(c).

564 F.3d at 355 (citing In re Edwards, 962 F.2d 641, 643 (7th Cir.
1992) and In re Xonics, Inc., 813 F.2d 127, 131 (7th Cir. 1987)).
In Maine Pride Salmon, the bankruptcy court denied a post-
confirmation motion for surcharge, based in part on the fact that
the bankruptcy estate ceases to exist upon confirmation.  This

Court has found no Ninth Circuit authority on point, but finds the rationale of <u>Skuna River</u> and <u>Maine Pride</u> to be sound.

At argument, Debtor's counsel argued that whether property is property of the estate is not dispositive, citing <u>In re Debbie Reynolds Hotel & Casino</u>, 255 F.3d 1061 (9th Cir. 2001). In holding that surcharged funds should be paid directly to the party that provided the benefit, the Court of Appeals in <u>Debbie Reynolds</u> stated: "[a § 506(c) surcharge] does not come out of the debtor's estate, but rather comes directly from the secured party's recovery." <u>Id.</u> at 1067. This language does not help Debtor. First, the Court of Appeals in <u>Debbie Reynolds</u> was not analyzing the bankruptcy court's post-dismissal jurisdiction over property to be surcharged. Secondly, Debtor is implicitly arguing, without citation to authority, that the Bank's cash collateral was never property of the estate. This argument ignores both the broad definition of "property of the estate" under § 541 – "all legal or equitable interests of the debtor in property as of the commencement of the case" – and the definition of "cash collateral" under § 363(a): "cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired <u>in which the estate and an entity other than the estate have an interest</u> . . . ." Debtor does not argue that the estate had no interest in the insurance proceeds or the accounts receivable that were the subject of the Surcharge Motions. The fact that the Bank had a joint interest in those assets did not make them non-estate property.

In its supplemental briefing, Debtor cites two analogous cases, <u>In re Orfa Corp. of Philadelphia</u>, 170 B.R. 257 (E.D. Pa.

1994); and <u>In re Web Silver Co., Inc.</u>, 1997 WL 860672 (Bankr. E.D. Pa. Dec. 31, 1997). In <u>Orfa</u>, the District Court held that the bankruptcy court did not err in retaining jurisdiction over a § 506(c) motion post-dismissal. The District Court did not analyze the Court's jurisdiction over property of the estate or over the secured creditor's cash collateral. Instead, the District Court analyzed the issue in terms of the bankruptcy court's post-dismissal jurisdiction to consider attorney's fee requests, citing <u>In re Fricker</u>, 131 B.R. 932 (Bankr. E.D. Pa. 1991) (court exercised jurisdiction post-dismissal to determine propriety of compensation received by debtor's counsel based on court's duty to oversee fee matters in bankruptcy); <u>In re Samford</u>, 125 B.R. 230 (E.D. Mo. 1991) (pursuant to express retention of jurisdiction, bankruptcy court ruled that it retained post-dismissal jurisdiction over fees improperly paid to a debtor's attorney during a chapter 12 case); <u>In re Post</u>, 119 B.R. 566 (S.D. Ohio 1989) (same); and <u>In re Mandalay Shores Co-op. Housing Ass'n</u>, 60 B.R. 22 (Bankr. M.D. Fla. 1986) (bankruptcy court explicitly retained jurisdiction to determine payment of fees).

Additionally, the District Court in <u>Orfa</u> noted that hearings had been conducted on the surcharge motion prior to case dismissal, a preliminary order had been issued, and opposition briefs had been submitted, so that all that remained was for the bankruptcy court to render its decision. The District Court concluded, "[i]n light of the fact that the vast majority of the proceedings relative to the 506(c) Motion occurred pre-dismissal, this court is loathe to conclude that the bankruptcy court lacked jurisdiction to render its decision on the 506(c) Motion post-dismissal." <u>Orfa</u>, 170 B.R. at 270.

The District Court in <u>Orfa</u> cited <u>In re Franklin</u>, 802 F.2d 324 (9th Cir. 1986), in which the Ninth Circuit Court of Appeals held that the bankruptcy court retained jurisdiction post-dismissal to construe its own orders.

The Court does not find <u>Orfa</u> persuasive. The decision relies solely on the bankruptcy court's jurisdiction over fee awards. That a matter has been fully briefed pre-dismissal does not confer jurisdiction on the court where none exists. Finally, <u>Franklin</u> is inapposite – there the bankruptcy court was construing an order entered during the bankruptcy. In <u>Orfa</u>, as here, there was no order entered pre-dismissal and therefore nothing to be interpreted.

In <u>Web Silver</u>, the bankruptcy court granted a creditor's motion to rule, post-dismissal, on a § 506(c) motion creditor had filed prior to dismissal. In deciding to exercise jurisdiction over the motion, the bankruptcy court relied on <u>In re Smith</u>, 866 F.2d 576 (3d Cir. 1989), in which the Third Circuit Court of Appeals adopted a three-part test for determining whether jurisdiction should be retained over an adversary proceeding after the main bankruptcy case has been dismissed – specifically, judicial economy, fairness and convenience to the litigants, and the degree of difficulty of the related issues. <u>Id.</u> at 580. The bankruptcy court assumed without analysis that the same considerations applied when considering motions filed in a main bankruptcy case.

The Court disagrees. Under § 349, dismissal of a bankruptcy case does not divest the bankruptcy court of jurisdiction over pending adversary proceedings. <u>In re Carraher</u>, 971 F.2d 327, 328 (9th Cir. 1992). The bankruptcy court has discretion to exercise that jurisdiction, based on the factors set forth in the applicable

case law, such as Smith. However, as noted, dismissal of a main case revests property of the estate in the entity in which the property was vested as of the filing.

The rationale of Skuna River and Maine Pride (and the cases relied upon therein) is that property that is no longer property of the estate may not be surcharged. This is true regardless of how that property leaves the estate. Where property is no longer property of the estate, regardless of how that happens, the Court is divested of jurisdiction over the property. This is no less true if the property is characterized as the Bank's cash collateral.

Additionally, § 506(c) provides that the trustee may recover reasonable and necessary costs and expenses from "property securing an allowed secured claim." Here, there is no more allowed secured claim, as the bankruptcy has been dismissed, nor is there any property securing the claim: the Bank has presented evidence that the insurance proceeds and the accounts receivable sought to be surcharged have been dissipated.

As an alternative ground for relief, Debtor cites Fed. R. Civ. P. 60(b), under which the Court may grant relief from a judgment or order on grounds of, among other things, excusable neglect. Debtor's counsel argues that the Court's March 21, 2014 order which stated that the Court still had the surcharge motions under submission led counsel to believe that the Court would continue to exercise jurisdiction notwithstanding dismissal. Counsel implies that he relied upon that order in submitting a dismissal order that did not provide for retention of jurisdiction to decide the surcharge motions.

However, regardless of whether this Court could find excusable neglect, under the foregoing authorities, there is no modification that could be made to the Court's Order re Surcharge Motions that would re-vest this Court with jurisdiction, given that the case has been dismissed <u>and</u> there is no property of the estate or cash collateral left to surcharge.

For all of the foregoing reasons, Debtor's motion is denied. Counsel for the Bank may submit a proposed form of order.

**\*\*\* END OF MEMORANDUM DECISION\*\*\***

**Court Service List**

All parties to be served electronically